# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

------------------------------------------------------------X

BYRON BREEZE, JR.,                                    CASE NO.:  1:21-cv-3368
*an individual,*
c/o Bashian & Papantoniou, P.C.
500 Old Country Road, Suite 302
Garden City, New York 11530

        Plaintiff,

        v.

1714 C LLC,
d/b/a Rosemarino D'Italia,
*a District of Columbia limited liability company*,
c/o Rosemeri Espinoza
1714 Connecticut Ave NW
Washington, DC 20009,

and

RACHID BENKIRANE INC,
*a District of Columbia corporation,*
1714 Connecticut Avenue NW
Washington, DC 20009-1103,

        Defendants.

------------------------------------------------------------X

## **COMPLAINT**

Plaintiff, BYRON BREEZE, JR. by and through undersigned counsel, and pursuant to the

Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing

legal authorities, hereby files this Complaint and sues Defendants 1714 C LLC, d/b/a Rosemarino

D'Italia, and RACHID BENKIRANE INC (collectively, hereinafter the "Defendants") for

injunctive relief, attorney's fees and costs, including but not limited to disbursements, court

expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH

DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36

1

(hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1401.0 *et seq.* ("DCHRA"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's DCHRA claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in the District of Columbia.

3.      The remedies provided by the DCHRA against discrimination are not exclusive and such administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4.      At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, sui juris, and is a resident of Hyattsville, Maryland.[1]

5.      That, Plaintiff suffers from what constitutes a "qualified disability" under Title III of the ADA; Plaintiff was born without legs or complete hands, and uses a wheelchair for mobility. Plaintiff also has a physical disability within the meaning of the laws of the District of Columbia.

6.      The Defendants, 1714 C LLC, d/b/a Rosemarino D'Italia ("Rosemarino D'Italia") and RACHID BENKIRANE INC ("RACHID BENKIRANE"), are authorized to conduct, and are conducting business within the District of Columbia.

---

[1] Plaintiff's residence is approximately 10 miles from subject restaurant.

7.     Upon information and belief, Defendant Rosemarino D'Italia is a limited liability company authorized to do business in the District of Columbia, and is the lessee and/or operator of the real property, and the owner of the improvements where the facility, commonly referred to as Rosemarino D'Italia, is located, and is the subject of this lawsuit (hereinafter the "Subject Facility").  The Subject Facility is located at 1714 Connecticut Ave NW, Washington, DC 20009 (hereinafter and heretofore referred to as the Property").   Rosemarino D'Italia maintains and controls the Subject Facility.

8.     Upon information and belief, RACHID BENKIRANE, is a Corporation that is authorized to conduct business in the District of Columbia, and is the owner, lessor and/or operator of the real property, where the Subject Facility is located which is the subject of this lawsuit, the facility commonly referred to as Rosemarino D'Italia.  The Subject Facility is located at the Property, and RACHID BENKIRANE also maintains and controls the Subject Facility. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as an Italian restaurant.

9.     Prior to the commencement of this action, Plaintiff personally visited the Property on multiple occasions with the intention of eating lunch at the Subject Facility; however, Plaintiff was denied full access to, and full enjoyment of the facilities at the Property and the Subject Facility, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact.  That, Plaintiff first attempted to visit the subject facility in or around February 2021 for lunch. However, when Plaintiff arrived at the Subject Facility, Plaintiff was denied access into the Subject Facility due to a step that existed at the main entrance of the restaurant.  That, the step prevented Plaintiff from entering the restaurant.  Since, Plaintiff was unable to locate a ramp or communicate with

3

Defendants, he was unable to eat at the restaurant and forced to leave.  That, Plaintiff returned to eat lunch at the Property and/or Subject Facility in or around December, 2021.  At such time, Plaintiff, encountered the same barriers that were present at the Property and/or Subject Facility in or around February, 2021. That, Plaintiff wishes to eat at the Subject Facility because of its diverse Italian menu and pizza selection, as well as, its close driving distance to Plaintiff's home.  That, Plaintiff enjoys visiting Dupont Circle, where the Property and/or Subject Facility is located due to its shops and restaurants.  That, if the barriers to access are remediated at the Property and/or Subject Facility then Plaintiff intends to immediately return to the Property and/or the Subject Facility for lunch.  That, Plaintiff continues to be injured due to the architectural barriers that exist at the Property and/or Subject Facility in that he is unable to enter the restaurant and continues to be discriminated against under the ADA, ADAAG and DCHRA.

10.     That all events giving rise to the instant action occurred in the District of Columbia. Venue is proper in the United States District Court District of Columbia in that the Property and Subject Facility are located in the District of Columbia.

### COUNT I
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

12.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

13.     Congress specifically found, inter alia, that:

    a.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities

d.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; and,

e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14.  Congress explicitly set forth the purpose of the ADA; to wit:

(i)    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

5

(iii)     Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15.     The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

16.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).

17.     Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides good and services to the public.

18.     Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

19.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA.

20.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).

21.     The Property and Subject Facility is legally required to be, but is not, in compliance with the ADA and/or ADAAG.

22.     The Property and Subject Facility are in violation under the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et. seq. in that the Defendants are discriminating against the Plaintiff, as a result of the following specific violations, which include, but are not limited to, the following:

a.   Inaccessible main entrance;

    a.   Failure to provide an accessible route to the establishment;

    b.   Failure to provide an accessible means of ingress and/or egress, at the Subject Facility, for navigation by a wheelchair;

    c.   Failure to provide an accessible main entrance; existing step at main entrance acts as a barrier to accessibility;

    d.   Failure to provide the required minimum maneuvering clearance at the door of the main entrance;

    e.   Failure to provide the required ramp for the step at main entrance;

    f.   Non-compliant change in the floor level within the required maneuvering clearance at the door of the main entrance;

b.   Inaccessible secondary entrance at front of establishment;

    a.   The secondary storefront entrance is inaccessible at the Subject Facility; existing step at the secondary storefront entrance acts as a barrier to accessibility;

    b.   Failure to provide the required ramp for step at the secondary storefront entrance;

    c.   Failure to provide required the minimum maneuvering clearance at the door of the secondary storefront entrance;

d.  Non-compliant change in the floor level within the required maneuvering clearance at door of secondary storefront entrance;

c.  Inaccessible dining tables exist at the Subject Facility; failure to provide the required minimum knee and toe clearance at the dining tables located at the Subject Facility;

d.  Failure to provide the minimum percentage of accessible dining tables and surfaces;

e.  Inaccessible bar at the Subject Facility; the height of the bar exceeds the maximum height allowance; failure to provide the required minimum knee and toe clearance at the bar; failure to provide an accessible portion of bar as required;

f.  Failure to provide an accessible and compliant restroom in the Subject Facility in that the following violations were discovered during an inspection of the restroom located on the upper floor level of the Subject Facility:

i.  Accessible route to restroom is not provided as required;

ii.  Existing stairs to restroom acts as a barrier to accessibility;

iii.  Required handrails not provided at both sides of the stairs leading to the restrooms located on the upper floor level.

iv.  Non-compliant existing handrail at one side of the stairs leading to the restrooms located on the upper floor level.

v.  Required handrail extensions are not provided at the existing handrail at the stairs leading to the restrooms located at the upper floor level.

vi.  Inaccessible travel path leading to the restroom.

vii.   Failure to provide ADA compliant signage identifying an accessible res

viii.   Failure to provide the minimum clear width at the restroom door as required;

ix.   Restroom door is non-compliant in that it swings into the clear floor space and fixtures of the restroom;

x.   The toilet compartment is inaccessible in that if fails to provide the required minimum clear width at the opening of the door;

xi.   The required minimum maneuvering clearance is not provided at the door of the toilet compartment;

xii.   Restroom door knob is non-compliant in that it contains inoperable parts, which requires tight grasping, pinching or twisting of the wrist to turn the knob;

xiii.   Failure to provide the required minimum turning space in the toilet compartment;

xiv.   The required minimum clearance is not provided at the water closet in the toilet compartment;

xv.   Failure to provide the required grab bars on the rear and side walls of the toilet compartment;

xvi.   The position of the plumbing valves located directly behind toilet seat in the toilet compartment are non-compliant;

xvii.   Inaccessible coat hook in the toilet compartment in that the non-compliant height of the coat hook exceeds maximum height allowance;

xviii.   The first of two urinals is inaccessible in that the height of the first of two wall mounted urinals exceeds the maximum height allowance;

xix.   The second of two urinals is inaccessible in that the height of the second of two wall mounted urinals exceeds the maximum height allowance;

xx.   Inaccessible hand dryer in that the mounted height of the hand dryer exceeds the maximum height allowance;

xxi.   Inaccessible paper towel dispenser in that the mounted height of the paper towel dispenser exceeds the maximum height allowance;

xxii.   Inaccessible mirror in that the mounted height of the mirror exceeds the maximum height allowance;

23.   Plaintiff has attempted to access the Property and Subject Facility, but has been precluded from accessing the Property and Subject Facility, because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Property and Subject Facility. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24.     Remediating the ADA and/or ADAAG violations set forth herein is both technically feasible and readily achievable.

25.     Plaintiff intends to visit the Property and Subject Facility, again in the future (immediately upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA and/or ADAAG violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property and Subject Facility; however, in light of his disability, unless and until the Property and Subject Facility, is brought into compliance with the ADA and/or ADAAG, Plaintiff will remain unable to fully, properly, and safely access the Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

26.     As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and/or Subject Facility.   Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, et seq.

27.     Moreover, Defendants will continue to discriminate against Plaintiff, and others similarly situated, until it is compelled by this Court to remove all physical barriers upon the Property and Subject Facility, which violate the ADA and/or ADAAG, including but not limited to those specifically set forth herein, and to make the  Property and Subject Facility, accessible to and usable by persons with disabilities, including Plaintiff.

28.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, ADA and/or ADAAG

violations that exist upon the Property and Subject Facility, including but not limited to those set forth herein.

29.     This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Property and Subject Facility, so as to make readily accessible to and useable by individuals with disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG.

30.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable against the Defendants.

## COUNT II
## VIOLATIONS OF THE DCHRA

31.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

32.     The DCHRA provides:

It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, genetic information, disability, matriculation, political affiliation, source of income, or place of residence or business of any individual: to deny, direct or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations....

33.     The Property and Subject Facility is a place of public accommodation as defined by the DCHRA.

34.     Plaintiff visited the Property and Subject Facility and encountered architectural barriers as described herein.

12

35.     By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Property and Subject Facility.

36.      Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to D.C. Code § 2-1401.0 et seq., and all relief provided for thereunder.

### ATTORNEYS' FEES AND COSTS

40.     Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and DCHRA, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

### DAMAGES

41.     Plaintiff demands compensatory damages in the form of a judgment to be determined at trial based on Defendants' violation of the DCHRA.

### INJUNCTIVE RELIEF

43.     Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, ADAAG and DCHRA.

44.     Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Property and Subject Facility so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, ADAAG and DCHRA, and closing the facilities until the requisite modifications are complete.

45.     Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

46.     Injunctive relief is also necessary to make the Subject Premises readily accessible and useable by Plaintiff in accordance with the ADA, ADAAG and DCHRA.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a)     A declaration that the Property and Subject Facility owned, leased, operated, controlled and/or administrative by Defendants are in violation of the ADA, ADAAG and DCHRA;

b)     An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Property and the Subject Facility;

c)     An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, ADAAG and DCHRA;

d)     An Order issuing a permanent injunction ordering Defendants to close the Subject Premises and cease all business until Defendants remove all violations under the ADA, ADAAG and DCHRA, including but not limited to the violations set forth herein;

e)     An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f)      For such other and further relief that this Court deems just, necessary and proper.

DATED this 27th Day of December 2021.

BASHIAN & PAPANTONIOU, P.C.
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:     (516) 279-1554
Fax:     (516) 213-0339
By: */s/ Erik M. Bashian, Esq.*
ERIK M. BASHIAN, ESQ.
D.C. Bar No. 1657407
eb@bashpaplaw.com

# **<u>VERIFICATION</u>**

BYRON BREEZE, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated: December 27, 2021

Byron Breeze